UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| JONATHAN L. RICHES | ) | |
| | ) | |
|     *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No. 1:08-cv-140 |
| | ) | *Chief Judge Curtis L. Collier* |
| TOMMY BAHAMA, PERRY ELLIS, | ) | |
| ARMANI COLLEZIONI, GEOX, JACK | ) | |
| VICTOR, DAVID YURMAN, LACOSTE, | ) | |
| SALVATORE FERRAGAMO, STACY | ) | |
| ADAMS, BOTTEGA VENETA, RAY-BAN, | ) | |
| HAVAIANAS, SPERRY TOP-SIDER, | ) | |
| FCI-WILLIAMSBURG; | ) | |
| | ) | |
|     *Defendants*. | ) | |

## **MEMORANDUM**

Petitioner Jonathan L. Riches ("Riches") filed a petition for a document entitled Habeas Corpus Relief 28 USC 2241/Inadequate Clothing at FCI Williamsburg/Civil Rights Violation (Court File No. 1). In this document, Riches claims he is being denied proper clothing, his civil rights are being violated, and the defendants are deliberately indifferent to his life. Therefore, the Court concluded Riches was attempting to file a civil rights complaint pursuant to 42 U.S.C. § 1983 and on July 7, 2008, Petitioner was given thirty (30) days to provide the Court with a proper § 1983 complaint and the $350.00 filing fee or an *in forma pauperis* application. Riches was notified that if he failed to fully comply with the Court's Order within the time required, the Court would presume he is not a pauper, would assess the full amount of fees, and order the case dismissed for lack of prosecution. In addition, Riches was notified the case would not be reinstated to the district court's docket despite the subsequent payment of the filing fee. Riches has failed to timely respond to the Court's Order.

### I. *Application to Proceed In Forma Pauperis*

Due to Riches' noncompliance with the Court's previous order (Court File No. 2), the civil filing fee will be assessed and the case will be dismissed. In compliance with the Court's previous order, Riches will be **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Riches' inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

> (a) twenty percent (20%) of the average monthly deposits to Riches' inmate trust account; or
>
> (b) twenty percent (20%) of the average monthly balance in Riches' inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Riches' preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and order to the Warden and the Custodian of Inmate Accounts at the Williamsburg Federal Correctional Institution, P.O. Box 340, Salters, SC 29590, Commissioner of the Bureau of Prisons to ensure the custodian of Riches' inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Riches shall collect the filing fee as funds become available.

This order shall become a part of inmate Riches' file and follow the inmate if he is transferred to another institution. The agency having custody of Riches shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.[1]

Riches will also be **ORDERED** to notify this Court of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of Riches to notify this Court of an address change and/or the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

## II.  *Failure to Comply With Court's Order*

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. This authority is based on the Court's inherent authority to control its docket and prevent undue delays in the disposition of pending cases.

---

[1] **Send remittances to the following address:**

> Clerk, U.S. District Court
> 900 Georgia Avenue
> Room 309
> Chattanooga, TN  37402

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

Therefore, this action will be **DISMISSED** for Riches's failure to prosecute and to comply with the orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**